UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re

Case No. _____

☐ Amended

**Notice of Preliminary Hearing on Motion [*Check One*]**

☐ **For Use of Cash Collateral**

Debtor(s)

☐ **To Obtain Credit**

YOU ARE NOTIFIED THAT:

1. The undersigned moving party, _____, filed a motion [*check one*]

   ☐ for use of cash collateral.

   ☐ to obtain credit.

   The motion is attached and it includes (1) the statement required by Local Bankruptcy Form (LBF) 541.5, Procedures re: Motions for Use of Cash Collateral or to Obtain Credit and (2) the following allegations:

   a. The immediate and irreparable harm that will come to the estate pending a final hearing is _____
   _____
   _____ .

   b. The amount of [*check one*] ☐ cash collateral ☐ credit necessary to avoid the harm detailed above prior to the final hearing is _____ .

2. The name and service address of the moving party's attorney (or moving party, if no attorney) are: _____
   _____ .

3. A preliminary hearing on the motion, at which testimony will be received if offered and admissible, will be held as follows:

**Date:**_____  **Time:** _____

**Location**:  Courtroom #_____, _____

Telephone Hearing [*See Local Bankruptcy Form (LBF) 888, Telephone Hearing Requirements.*]

**541.1 (12/1/2020)**   Page 1 of 2

**Call In Number:** (888) 684-8852

**Access Code:** 4950985 for Judge Trish M. Brown (tmb)

5870400 for Judge David W. Hercher (dwh)

1238244 for Judge Peter C. McKittrick (pcm)

3388495 for Judge Thomas M. Renn (tmr)

Video Hearing. To connect, see www.orb.uscourts.gov/video-hearings.

4. If you wish to object to the motion, you must do one or both of the following:

    a. attend the preliminary hearing.

    b. file a written response, which states the facts upon which you will rely, with the clerk at 1050 SW 6th Ave. #700, Portland OR 97204 or 405 E 8th Ave. #2600, Eugene OR 97401.

If the response is filed within three business days before the hearing, notify the judge's chambers by telephone immediately after filing the document, as required by Local Bankruptcy Rule 9004-1(b).

5. I certify that on _____ this notice and the motion were served pursuant to Federal Rule of Bankruptcy Procedure (FRBP) 7004 on the debtor(s), any debtor's attorney, any trustee, any trustee's attorney, members of any committee appointed under 11 U.S.C. § 1102 or elected pursuant to 11 U.S.C. § 705 or its authorized agent (or, if no committee in a chapter 11 case, on all creditors listed on the list filed pursuant to FRBP 1007(d)), any creditors' committee attorney, the U.S. Trustee, and all entities with any interest in the cash collateral subject to this motion, whose names and addresses used for service are as follows:

_____
Signature of Moving Party or Attorney                                    OSB #

_____
(If debtor is movant) Debtor's Address & Last 4 Digits of Taxpayer ID#(s)

**541.1 (12/1/2020)**                    Page 2 of 2

Case 21-30690-tmb11    Doc 10    Filed 03/30/21

Theodore J Piteo, OSB 090311
Michael D. O'Brien, OSB 951056
Michael D. O'Brien & Associates, P.C.
12909 SW 68th Pkwy, Suite 160
Portland, OR 97223
503-786-3800

Of Attorneys for Viento Wines, Inc, Debtor(s)-in-possession*.

IN THE BANKRUPTCY COURT OF THE UNITED STATES
FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re: | Case No. 21-30690-tmb11 |
| | EXPEDITED |
| Viento Wines, Inc | MOTION FOR AUTHORITY TO USE |
| | CASH COLLATERAL AND AUTHORITY |
| | TO GRANT REPLACEMENT LIEN |
| Debtor-in-possession. | |

Viento Wines, Inc, debtor-in-possession,("Debtor") moves the Court for preliminary authority to use cash collateral and for authority to grant a replacement lien and represents as follows:

1. None of the prohibited provisions listed in LBF 541.5 are included in this Motion or the proposed Order.

2. Pursuant to LBF 7007-1(c), Counsel for the Debtor contacted Counsel for creditor First Interstate Bank ("FIB"), David Criswell, and he does not object to the scheduling of an Expedited Hearing. The expedited nature of the hearing in this case

PAGE 1 - MOTION FOR AUTHORITY TO USE CASH COLLATERAL AND FOR
    AUTHORITY TO GRANT REPLACEMENT LIEN

is needed for the continuation of business critical expenses and to ensure court approval is received prior to default notices being received from critical service providers.

3. On March 29, 2021, Debtor filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code for the District of Oregon. Debtor continues to maintain possession of its property and operate its business as debtor-in-possession pursuant to Sections 1107 and 1108 of the United States Bankruptcy Code ("the Code.")

4. Prior to the commencement of this case, Debtor entered into two secured Note agreements with Centerpointe Community Bank ("CCB") to assist with business financing (the "Notes"). The Notes each contained a commercial security agreement, securing assets such as wine inventory, accounts, reserves, deposits, refunds, deferred payments, and payments of any kind related to the property and other business assets (the "Prepetition Collateral") of Debtor. The Notes also had associated deeds of trust secured to real property owned by Debtor's principals, Richard & Robin Cushman. CCB subsequently merged with FIB the new holder of the Notes.

5. The security interest of FIB is senior to those of all other creditors known to Debtor and was perfected by the filing of a UCC statement with the Oregon Secretary of State. The UCC statement was recorded on August 14, 2013 as lien number 89812237. See Attached UCC filing at Exhibit A.

6. As of the petition date Debtor was indebted to FIB and in arrears on the Notes listed above. Debtor believes FIB is currently oversecured.

7. In order to maintain its business operations and protect its ability to reorganize in accordance with chapter 11 of the Code, it is necessary that Debtor obtain the authority provided in 11 USC §363(c)(2)(B) to use cash collateral.

8. Debtor requests that this court authorize its preliminary use of cash collateral for the payment of its operating expenses in the normal course of business, as set forth in the monthly budget attached hereto as Exhibit B. The preliminary use of cash collateral requested in Exhibit B would cover projected monthly operating expenses. Debtor requests this court allow use of cash collateral for a 14-day period pending a final hearing on motion to use cash collateral during which time Debtors hope to negotiate a Stipulated Order re: Use of Cash Collateral with FIB. Debtor currently has no alternative borrowing source from which it could secure additional sufficient funding to operate its business.

9. In order to adequately protect the interests of FIB in the Prepetition Collateral and for Debtor's use of cash collateral as requested in this motion, Debtor proposes to provide replacement liens pursuant to 11 USC §361(2) to property of the Estate of the kind which presently secure the indebtedness owed to FIB (the "Postpetition Collateral."). Debtor believes that because of the equity cushion in the associated secured property, no monthly adequate protection payments are required.

10. In the event that the Court were to refuse authorization of Debtor's use of cash collateral, Debtor believes it may be unable to maintain its current business operation and propose a plan of reorganization. Without the use of cash collateral, Debtor will be forced to liquidate its collateral for below market value resulting in significant, irreparable harm to Debtor's estate and its creditors.

PAGE 3 - MOTION FOR AUTHORITY TO USE CASH COLLATERAL AND FOR
AUTHORITY TO GRANT REPLACEMENT LIEN

Case 21-30690-tmb11    Doc 10    Filed 03/30/21

WHERFORE, Debtor requests that this Court enter an Order pursuant to 11 USC §363(c)(2)(B) authorizing Debtor to use cash collateral for its general ongoing business operations as described in this motion in an the amount not to exceed $3,797.50, representing one half of the monthly expense amount, and to grant unto FIB replacement liens in the Postpetition Collateral effective as of March 29, 2021, and for such other and further relief as the court may deem just and proper.

DATED this __30th__ day of March, 2021.


Respectfully So Moved by:

___/s/ Theodore J. Piteo_____

Michael D. O'Brien, OSB 95105
Theodore J. Piteo, OSB 090311
of Attorneys for Debtor-in-Possession*
*Pending Approval of Employment

**VIENTO WINES INC**

OR Sec of State
08/14/2013


89812237_5842224

Lien#: 89812237

**UCC FINANCING STATEMENT**
FOLLOW INSTRUCTIONS

UCC

| | |
|---|---|
| A. NAME & PHONE OF CONTACT AT FILER (optional) | |
| Loan Operations | 5413081318 |

B. E-MAIL CONTACT AT FILER (optional)
jennifer.ringlbauer@centerpointebank.com

C. SEND ACKNOWLEDGMENT TO: (Name and Address)

CenterPointe Community Bank

2500 Cascade
Hood River OR 97031

**THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY**

1. DEBTOR'S NAME: Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

1a. ORGANIZATION'S NAME: Viento Wines Inc

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 506 May St | Hood River | OR | 97031 | USA |

2. DEBTOR'S NAME: Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

3. SECURED PARTY'S NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

3a. ORGANIZATION'S NAME: CenterPointe Community Bank

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| PO Box 270 | Hood River | OR | 97031 | USA |

4. COLLATERAL: This financing statement covers the following collateral:

All Inventory; whether any of the foregoing is owned now or acquired later; all accessions, additions, replacements, and substitutions relating to any of the foregoing; all records of any kind relating to any of the foregoing; all proceeds relating to any of the foregoing (including insurance, general intangibles and other accounts proceeds)

5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) ☐ being administered by a Decedent's Personal Representative

6a. Check only if applicable and check only one box:
☐ Public-Finance Transaction ☐ Manufactured-Home Transaction ☐ A Debtor is a Transmitting Utility

6b. Check only if applicable and check only one box:
☐ Agricultural Lien ☐ Non-UCC Filing

7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor ☐ Consignee/Consignor ☐ Seller/Buyer ☐ Bailee/Bailor ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA:
Ln 1023700 & 1043000

FILING OFFICE COPY — UCC FINANCING STATEMENT (Form UCC1) (Rev. 04/20/11)

Compliance Systems, Inc. 2001 - 2013
ITEM 307BAL1 (05/2013) Page 1 of 2

**Viento Wines, Inc.**
**Exhibit B**

| | Monthly | |
|---|---|---|
| Average Monthly Income | $18,500 | |
| Estimated Monthly Expenses: | (30 days) | (14 Days) |
| Insurance | $450.00 | $225.00 |
| POS Sales System | $180.00 | $90.00 |
| Bank and Merchant Acct Fees | $200.00 | $100.00 |
| Wineclub System | $175.00 | $87.50 |
| Supplies for Wine making | $400.00 | $200.00 |
| Payroll - Officer | $4,925.00 | $2,462.50 |
| Tasting Room Supplies | $300.00 | $150.00 |
| Telephone/Internet | $460.00 | $230.00 |
| Utilities | $505.00 | $252.50 |
| Total | $7,595 | $3,797.50 |